**MING CAN WANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–0562–ag.

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

Oleh R. Tustaniwsky, New York, N.Y., for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, Ari Nazarov, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, Hon. ROBERT A. KATZMANN, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

**SUMMARY ORDER**

Petitioner Ming Can Wang, a native and citizen of the People's Republic of China, seeks review of the January 3, 2008 order of the BIA denying his motion to reconsider and to reopen. *In re Ming Can Wang,* No. A75 969 598 (BIA Jan. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

As a preliminary matter, we find it unnecessary to address the government's arguments concerning our jurisdiction because, even assuming jurisdiction exists, Wang's petition for review must be denied. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006). Moreover, because Wang states in his brief that he "presents [only] one issue for [our] consideration"—i.e., his statutory right to file a successive asylum application based on his conversion to Christianity—all other possible arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Although Wang did not argue in his motion that he was statutorily eligible to file a successive asylum application based

---

Attorney General Michael B. Mukasey as respondent in this case.

solely on changes in his personal circumstances, the BIA *sua sponte* observed that he was not, citing its decision in *Matter of C–W–L–*, 24 I. & N. Dec. 346 (BIA 2007). Wang's argument challenging the BIA's finding is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008), which afforded *Chevron* deference to the BIA's analysis in *Matter of C–W–L–.* Because Wang's only argument is plainly without merit, we find no reason to disturb the BIA's denial of his motion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.